## UNIVERSAL LIFE & ACC. INS. CO. v. STEGER.

### No. 5818.

Court of Civil Appeals of Texas.

Texarkana.

June 12, 1941.

Rehearing Denied July 3, 1941.

Tom N. Cope, of Atlanta, for appellant.

Carney & Carney and Tom J. Mays, all of Atlanta, for appellee.

JOHNSON, Chief Justice.

This suit was filed by Frank Steger in the Justice's Court of Precinct No. 7, Cass County, against Universal Life & Accident Insurance Company, alleging in substance that on April 10, 1939, defendant issued its policy of insurance upon the life of plaintiff's sister, Mable Lois Smith, promising to pay plaintiff as beneficiary the sum of $154 in the event of death of insured occurring within six months from date of policy; that all premiums had been paid and the policy was in full force and effect at the time of the death of said Mable Lois Smith on June 19, 1939; that on June 14, 1939, shortly before her death, the defendant through its agent and by certain false and fraudulent representations induced insured to execute a release of defendant's liability under the policy. Plaintiff prayed for cancellation of said release and for recovery of the principal sum of $154 (less $2.40 returned premiums), 12% penalty, and $25 attorneys' fees. Defendant answered by general denial, and specially pleaded a provision of the policy reading: "No obligation is assumed by the Company prior to the date hereof, unless on said date the insured is alive and in sound health." Defendant further pleaded that the insured had represented in her application that she was in sound health and that she did not have "tuberculosis," when in fact she was not in sound health but was then suffering from said disease, by reason of which defendant was not liable to plaintiff for any amount. Trial before the Hon. E. O. Nelson, Justice of said court, resulted in judgment for plaintiff. Defendant appealed to the district court where a trial was had before a jury. In answer to special issues the jury found: That the agent of appellant company induced the insured to sign the "paper" (release) by certain false representations to the effect that it was wanted in order that such agent could change jobs and turn his business over to another person; that the insured was in sound health on April 10, 1939, at the time the policy was issued and delivered to her. Judgment was entered upon the verdict for plaintiff cancelling the release, and for $151.60 principal, $18.-19 penalty, and $25 attorneys' fees. From an order overruling its motion for new trial defendant has appealed.

Appellant bases its prayer for reversal upon three propositions, each of which is predicated upon the contention that the evidence shows as a matter of law that at the time the policy was issued the insured was suffering from pulmonary tuberculosis, and for which reason the trial court erred in overruling appellant's motion for a directed verdict. We are unable to sustain the contention. Appellant's witness Dr. E. W. Grummels, who attended insured during the illness resulting in her death, testified that pulmonary tuberculosis runs its course "from a few days to several months or maybe years, depending on the general condition of the patient and type of case." When asked: "If Mable Lois Smith died of pulmonary tuberculosis on the 19th day of June, 1939, could you answer positively whether or not she was so afflicted on March 27, 1939 (date of

her application)?" Dr. Grummels answered, "No." He further testified that she died from "acute pneumonic pulmonary tuberculosis; that this type runs the shortest course of any, and is unusually short, within a few weeks." Appellant's witness Dr. J. E. King testified that if a person died from pulmonary tuberculosis on June 19th of any year, in his opinion such person was afflicted with that disease on March 27th preceding. The testimony of Dr. C. E. Davis is to the effect that he treated the insured at his office on February 11th and 13th, 1939; that he did not make any X-ray microscopic examination, but from physical examination formed the opinion that insured had pulmonary tuberculosis; that he could have been mistaken in his diagnosis. He further testified that a patient afflicted with pulmonary tuberculosis would die within a month or longer period of time according to race and other conditions. On the other hand, the insured's mother, brother, and husband, and the insured's landlord, Mr. Abe Tell, all testified to the effect that insured was well and in sound health at the time the application was made and the policy was issued, and that she continuously did hard manual labor on the farm and assisted in building houses until she became sick, about four weeks before her death. This conflict in the testimony was properly a matter submitted to and determined by the jury. We are not authorized to set the verdict aside. 4 T.J. 1093, § 767 et seq. See 4 Texas Digest, page 403, Appeal and Error, ▮▮▮▮▮

The judgment of the trial court is affirmed.